REXFORD BRABSON (CA SBN 299802)
rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
David@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

Attorneys for Plaintiff
Phinge Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phinge Corporation, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Yankees Entertainment and Sports Network, LLC, a Delaware Limited Liability Company, Brooklyn Nets, LLC, a New Jersey Limited Liability Company, Canon U.S.A., Inc., a New York Corporation, NBA Properties, Inc., a New York Corporation, Brooklyn Sports and Entertainment LLC, a New York Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:24-cv-7917<br><br>**COMPLAINT FOR**<br>1. TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1051 ET SEQ.)<br>2. CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. §§ 1051 ET SEQ.)<br>3. UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))<br>4. COMMON LAW UNFAIR COMPETITION/TRADEMARK INFRINGEMENT (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)<br>5. CALIFORNIA TRADEMARK INFRINGEMENT (CAL BUS. & PROF. CODE § 14200 ET SEQ.) |

**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**

**DEMAND FOR JURY TRIAL**

1. Plaintiff, Phinge Corporation (hereinafter "Plaintiff"), a Delaware corporation, brings this Complaint against Yankees Entertainment and Sports Network, LLC, a Delaware Limited Liability Company, Brooklyn Nets, LLC, a New Jersey Limited Liability Company, Canon U.S.A., a New York Corporation, NBA Properties, Inc., a New York Corporation, Brooklyn Sports and Entertainment LLC, a New York Corporation, and DOES 1-10, (hereinafter "Defendants") for trademark infringement and unfair competition under federal and state law. Plaintiff further seeks an injunction preventing Defendants from using the name/trademark NETAVERSE, and any name/trademark that is confusingly similar thereto.

## NATURE OF THE ACTION

2. This is a civil action for (i) direct trademark infringement of Plaintiff's federally-registered trademark in violation of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; (ii) contributory trademark infringement of Plaintiff's federally-registered trademark in violation of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq* (ii) unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and (iv) related state and common law claims, arising from Defendants' unauthorized use of Plaintiff's registered trademark in connection with similar services.

## PARTIES

3. Plaintiff is a corporation organized and existing under the laws of Delaware.

1  4. Upon information and belief, Defendant Yankees Entertainment and Sports Network, LLC, ("YES Network") is a limited liability company organized under the laws of Delaware and licensed to do business within the state of California.

5. Upon information and belief, Defendant Brooklyn Nets, LLC ("Brooklyn Nets") is a limited liability company organized under the laws of New Jersey and licensed to do business within the state of California.

6. Upon information and belief, Defendant Canon U.S.A., Inc. ("Canon") is a corporation organized under the laws of New York and licensed to do business within the state of California.

7. Upon information and belief, Defendant NBA Properties, Inc. ("NBA") is a corporation organized under the laws of New York and licensed to do business within the state of California.

8. Upon information and belief, Defendant Brooklyn Sports and Entertainment LLC ("BSE Global") is a corporation organized under the laws of New York and licensed to do business within the state of California.

9. Upon information and belief, Defendants DOES 1-10 are unknown persons and/or entities related to or affiliated with the other listed persons and entities and are the proximate or actual cause of damage to Plaintiff.

## JURISDICTION AND VENUE

10. This action arises under federal trademark laws, 15 U.S.C. §§ 1051 *et seq.*, and thus, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

11. This Court may exercise personal jurisdiction over the Defendants based upon their activities, including their transaction of business, within the Central District of California. Specifically, Defendants sell and offer

their services via their website and social media, which is available to and accessible by residents in this District.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that Defendants sell, offer, and transact their business in this judicial district, and at a minimum, operate Defendants' business in Los Angeles, California.

**FACTS**

13. Plaintiff has been in the business of hardware and software technology for over ten (10) years. Specifically, since December 2021 Plaintiff has offered a portion of its platform called NETVERSE for mobile, tablet, and laptop devices, and Plaintiff has been preparing to offer a virtual reality version of its NETVERSE platform, called NETAVERSE, since January of 2022.

14. Plaintiff began using the NETVERSE trademark at least as early as December 2021, and that use has been continuous, unbroken, and exclusive from that date to the present. Since at least as early as December 2021, Plaintiff has promoted the goods and services of others through its websites. Since at least as early as January of 2022, Plaintiff has provided transmission of video and video data through the internet, provided audio and video recording services, and provided consultancy in the field of video recording services, under the Mark NETVERSE.

15. Plaintiff has invested a great deal of time and resources into developing its NETVERSE and NETAVERSE technology and brand. Thirty-four (34) United States patents involving the technology to be used under the NETVERSE and NETAVERSE Marks have been granted by the United States Patent and Trademark Office, including many revolutionary hardware innovations and inventions, and more than 60 additional software patent applications submitted by Plaintiff are pending at the United States Patent and Trademark Office.

16. Plaintiff owns 21 domains utilizing the term NETVERSE, including www.Netverse.casino, www.Netverse.tech, www.Netverse.tv,

www.Netverse.BUSINESS, www.Netverse.CLOUD, www.Netverse.Ventures, www.Netverse.Today, www.Netverse.store, Netversecasino.com, www.Netverse.technology, www.Netverse.world, www.Netverse.online, www.Netverse.life, www.Netverse.pro, www.Netverse.shop, www.Netverse.company, www.netverse.support, www.Netverse.vip, www.Netverse.solutions, www.Netverse.marketing, and www.Netverse.ai.

17. Plaintiff owns 35 domains utilizing the term NETAVERSE, including www.TheNetaverse.ai, www.Netaverse.VIDEO, www.NETAVERSE.TECH, www.Netaverse.tv, www.Netaverse.technology, www.netaverse.SOFTWARE, www.netaverse.NETWORK, www.netaverse.BUSINESS, www.netaverse.CLOUD, www.netaverse.MEDIA, www.netaverse.FUN, www.netaverse.CASINO, www.netaverse.ME, www.netaverse.SOLUTIONS, www.netaverse.WORLD, www.netaverse.COMPANY, www.netaverse.LIVE, www.Netaverse.store, www.netaverse.org, www.netaverse.IO, www.netaverse.TODAY, www.netaverse.VENTURES, Netaversecasino.com, www.Netaverse.dev, www.Netaverse.life, www.thenetaverse.com, www.netaverseai.com, www.netaverse.blog, www.netaverse.support, www.netaverse.foundation, www.netaverse.work, www.netaverse.vip, www.netaverse.site, www.netaverse.shop, and www.netaverse.pro.

18. Plaintiff filed a U.S. trademark application for its NETVERSE trademark on September 25, 2019, which application matured into a U.S. trademark registration on October 10, 2023. That U.S. trademark registration is attached hereto as **Exhibit A**, and was assigned U.S. Reg. No. 7190014 ("Plaintiff's Registration") ("Plaintiff's Mark").

19. Plaintiff filed a U.S. trademark application for its NETAVERSE trademark on January 18, 2022 ("Plaintiff's Mark"). That U.S. trademark

application is attached hereto as **Exhibit B**, and was assigned U.S. Ser. No. 97225218 ("Plaintiff's Application").

20. On January 18, 2022, at 12:37:05 ET, Defendant Brooklyn Nets, LLC filed a U.S. trademark application for the name NETAVERSE. A copy of that U.S. trademark application is attached hereto as **Exhibit C**.

21. During 2022 and thereafter, Defendant Brooklyn Nets, LLC, in coordination with Defendants YES Network, Canon, NBA, and BSE Global, launched, advertised, and/or knowingly supplied a virtual reality platform trademarked NETAVERSE for internet programs to be viewed on electronic devices when Defendants were aware that the NETAVERSE Mark directly infringed Plaintiff's NETVERSE Mark.

22. On January 26, 2022, Plaintiff sent a letter to Defendant NBA Properties, Inc., informing them of the infringement of Plaintiff's Mark NETVERSE by the defendant's adoption of the trademark NETAVERSE. A copy of this letter is attached as **Exhibit D**.

23. On March 8, 2022, Defendant Brooklyn Nets, LLC sent a response letter to Plaintiff, acknowledging receipt of Plaintiff's January 26, 2022 letter.

24. On March 16, 2022, Plaintiff sent a letter to Defendant Brooklyn Nets, LLC, repeating and reiterating its claims, and informing Defendant Brooklyn Nets, LLC that it would be opposing the Defendant's NETAVERSE Application if it published. A copy of this letter is attached as **Exhibit E**.

25. Defendant Brooklyn Nets, LLC, in coordination with Defendants YES Network, Canon, NBA, and BSE Global, have continued to use the NETAVERSE trademark in most of the home games of the Brooklyn Nets for the 2021-2022 season and the 2022-2023 season.

26. On November 10 and November 13, 2023, Plaintiff filed two separate Oppositions before the Trademark Trial and Appeal Board ("TTAB")

against Defendant Brooklyn Nets' U.S. trademark application for NETAVERSE (U.S. Trademark Application No. 97224598) and NETAVERSE (U.S. Trademark Application No. 97226848). On April 5, 2024, Defendant filed an abandonment of its application 97226848 without consent of Plaintiff.  On April 8, 2024, the Trademark Trial and Appeal Board sustained the opposition and refused Defendant's application serial number 9722686. On April 30, 2024, Defendant filed an abandonment of its application serial number 97224598 without consent of Plaintiff.  On May 1, 2024, the Trademark Trial and Appeal Board sustained the opposition and refused Defendant's application serial number 97224598. Copies of those decisions are attached hereto as **Exhibit F**.

27. Defendants continue to use the NETAVERSE Marks. In many places on Defendants' website https://www.yesnetwork.com and social media accounts, Defendants use the word "NETAVERSE," a name that is substantially indistinguishable from Plaintiff's Mark NETVERSE and identical to Plaintiff's Mark NETAVERSE. Below are examples of this use:





28. Since Plaintiff's date of first use, Plaintiff has vigorously protected and enforced its NETVERSE trademark. Plaintiff has spent time, money, and energy in protecting and enforcing its NETVERSE trademark and, in doing so, has built extremely valuable goodwill and notoriety in and to its trademark. In 2023, after actions taken by Plaintiff, a company named Netaverse Studios changed their name to Netaline Studios, and an app titled Net.verse was taken down from app stores in the United States.

29. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Plaintiff's Registration is *prima facie* evidence of the validity of Plaintiff's Mark.

30. Plaintiff's use of Plaintiff's Mark therefore predates and is prior to any use of the name/trademark NETAVERSE by Defendants.

31. Defendants' conduct constitutes trademark infringement under state and federal laws because consumers are likely to be deceived and confused as

to the source of Defendants' services, believing those services originate from Plaintiff when indeed they do not.

32. Specifically, Defendants' NETAVERSE Mark is substantially indistinguishable to Plaintiff's NETVERSE Mark and identical to Plaintiff's NETAVERSE Mark. The addition of the letter "a" serves little to distinguish the appearance of the trademarks and their ensuing commercial impressions. Defendants' NETAVERSE Mark constitutes a counterfeit mark as defined in 15 U.S.C. § 1116(d).

33. A similar mark to Defendant's NETAVERSE Mark, NET.VERSE, was applied for registration on the principal register of the United States in International Class 038 and Class 041, and has been refused for registration by the USPTO for likelihood of confusion with Plaintiff's Mark, citing that the appearances were virtually identical in appearance. Copies of the Examiner's refusals for both classes are attached as **Exhibit G**. Both of the applications were subsequently abandoned.

34. Moreover, Defendants' services are similar and related to Plaintiff's services – The services both entail interactive online virtual services. Therefore, these goods are likely to have overlapping trade channels and consumer base, which would create confusion for consumers.

35. Furthermore, Defendants' channels of trade are identical – online websites.

36. Defendants' use of Defendant's Mark has damaged the reputation and goodwill of Plaintiff's Marks. Defendants' NETAVERSE services have been negatively received by the consuming public. Copies of negative comments regarding the quality of Defendant's NETAVERSE services are attached as **Exhibit H**.

37. As a result of Defendants' unlawful infringing activities, Plaintiff has suffered irreparable harm, and, unless this Court enjoins Defendants,

will continue to suffer irreparable harm for which there is no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I

**Trademark Infringement under 15 U.S.C. §§ 1051 *et seq.* – NETAVERSE**

38. Defendants have used, are continuing to use, or knowingly supply the use of the NETAVERSE name/trademark in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so.

39. Defendants have used, are continuing to use, or knowingly supply the use of the NETAVERSE name/trademark in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so, and know or have reason to know that such use is direct infringement of Plaintiff's Mark.

40. Defendants' actions constitute willful infringement of Plaintiff's Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

41. Defendants' use of the NETAVERSE name/trademark has caused, and is likely to continue to cause, confusion, mistake, and deception among the general public as to the origin of Defendants' services, and is likely to deceive consumers, the public, and the trade into believing that Defendants' services originate from, are associated with, or are otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1114(a).

42. As a result of Defendants' infringing activities, Plaintiff has suffered and/or is likely to suffer actual monetary damages, while Defendants have been and continue to be unjustly enriched.

43. As a direct and proximate result of Defendants' infringing actions alleged herein, Defendants have caused substantial monetary loss and

irreparable injury and damage to Plaintiff, its business, reputation, and valuable rights in and to Plaintiff's Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Marks.

44. Defendants' infringement of Plaintiff's Mark has been and remains intentional and knowing, entitling Plaintiff to treble the actual damages and an award of attorneys' fees, or statutory damages, under 35 U.S.C. § 1117.

45. Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT II

## Contributory Trademark Infringement under 15 U.S.C. §§ 1051 *et seq.* – NETAVERSE

46. Defendant Canon, U.S.A., Inc. ("Canon") has supplied goods to the other Defendants that Canon knows or has reason to know is committing trademark infringement.

47. On information and belief, Canon provided the technology and equipment used for Defendants' directly infringing services.

48. On information and belief, Canon worked in close partnership with the other defendants, and knew or should have known of infringement since at least as early as January of 2022, when Plaintiff sent the letter to Defendant NBA Properties, Inc. informing them of the infringement.

49. On information and belief, Canon continued to supply goods to the other Defendants when it knew or had reason to know that the other Defendants were directly infringing Plaintiff's Mark.

50. The other Defendants' use of the NETAVERSE Mark is likely to cause confusion among consumers and constitutes infringement of Plaintiff's rights in the Plaintiff's Mark.

51. Canon is therefore contributorily liable for the infringing use of Plaintiff's Mark by the other Defendants.

## COUNT III

**Unfair Competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) – NETAVERSE**

52. Defendants have used and are continuing to use the NETAVERSE name/trademark in connection with advertisement, promotion, and/or sale of infringing and similar and related services without authorization or license to do so.

53. Defendants' unauthorized use of the NETAVERSE name/trademark in interstate commerce wrongly and falsely designates, describes, or represents Defendants' services, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants' services with Plaintiff, or as to the sponsorship or approval of this product by Plaintiff.

54. Defendants' actions therefore violate Plaintiff's rights in its distinctive NETVERSE and NETAVERSE trademark in violation of 15 U.S.C. § 1125(a).

55. Defendants' conduct with respect to Plaintiff's Mark has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Defendants, for which there is no adequate remedy at law.

## COUNT IV

**Common Law Unfair Competition/Trademark Infringement (Cal Bus. & Prof. Code § 17200) – NETAVERSE**

56. Defendants' unauthorized use of the NETAVERSE name/trademark constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of Defendants' entertainment services. Consumers are, for example, likely to believe that Defendants' entertainment services originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

57. Defendants' infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Defendants' actions with respect to Plaintiff's Mark have caused and will continue to cause serious and irreparable injury to Plaintiff, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

58. Each and every separate act of common law unfair competition and trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT V

## Trademark Infringement under California Trademark Law (Cal. Bus. & Prof. Code §§ 14200 *et seq*.) – NETAVERSE

59. Plaintiff's Mark is distinctive and famous in California, as well as throughout the United States, and has been since prior to Defendants' unauthorized use of Defendants' NETAVERSE name/trademark.

60. Plaintiff's Mark has powerful consumer associations such that even non-competing uses can impair their value.

61. Defendants' infringing activities have diluted the distinctive quality of the Plaintiff's Mark in violation of California trademark law under Cal. Bus. & Prof. Code §§ 14200 *et seq.*

62. Defendants willfully intended to trade on Plaintiff's reputation or cause dilution of Plaintiff's Mark, entitling Plaintiff to damages, extraordinary

damages, fees and costs as set forth in Cal. Bus. & Prof. Code § 14250, pursuant to § 14245.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following:

A. Issue a permanent injunction against Defendants preventing the use of the term "NETAVERSE";

B. A judgment that Defendants' use of the name/trademark NETAVERSE is likely to confuse consumers and is therefore in violation of 15 U.S.C. §§ 1051 *et seq.*;

C. A judgment that Defendants' use of the name/trademark NETAVERSE is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Mark and is therefore in violation of 15 U.S.C. § 1125(a);

D. A judgment that Defendants' use of the name/trademark NETAVERSE is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Mark and is therefore in violation of Cal Bus. & Prof. Code § 17200;

E. A judgment that Defendants' use of the name/trademark NETAVERSE is likely to confuse consumers and is therefore in violation of Cal. Bus. & Prof. Code §§ 14200 et seq.;

F. Entry of an Order enjoining Defendants from further use of the name/trademark NETAVERSE;

G. Entry of an Order enjoining Defendants from further use of Plaintiff's Mark;

H. Entry of a judgment against Defendants for monetary damages to be proven at trial, including but not limited to statutory damages including damages for willful infringement and/or all amounts necessary to

compensate Plaintiff for Defendants' wrongful use of the name/trademark NETAVERSE;

I. Plaintiff to recover its attorneys' fees and costs; and

J. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 16, 2024

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff Phinge Corporation

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: September 16, 2024

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff Phinge Corporation

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325